## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TADD ERROL VASSELL,**

     **Petitioner,**

**v.**                                                            **Civil Action No. 5:17cv9**
                                                      **(Judge Stamp)**

**TERRY O'BRIEN, Warden, USP Hazelton,**

     **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On January 23, 2017, through counsel, Petitioner, Tadd Errol Vassell,  ("Vassell") filed an unsigned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee.  ECF Nos. 1 & 2.  On January 24, 2107, Petitioner filed an amended, signed copy of his petition. ECF No. 4.  On January 26, 2017, the undersigned conducted a preliminary review of the file, determined that summary dismissal was not appropriate at that time, and directed the Respondent to answer the petition. ECF No. 8. On May 22, 2017, the Respondent filed a Motion to Dismiss with a memorandum in support.  ECF Nos. 11 & 12.  On May 31, 2017, Petitioner moved for an extension of time. ECF No. 13. By Order entered June 6, 2017, Petitioner's unopposed motion for an extension of time was granted. ECF No. 14.  Petitioner filed his response in opposition on August 3, 2017. ECF No. 15.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:93cr81-5, in the United States District Court for the Eastern District of Virginia, part of which is available on PACER. Due to the age of the underlying

A. **Conviction and Sentence**

According to the Fourth Circuit's opinion on Vassell's direct appeal, in the early 1990s, Vassell "was a member of a highly organized enterprise that distributed crack cocaine in Virginia Beach, and later also in Portsmouth, Virginia." See  United States v. Vassell, 1998 WL 637419, *1 (4th Cir. 1998) (unpublished).  Vassell was a member of the conspiracy from December 1990 until August 1992; he turned 18 less than a year into the conspiracy in August 1991.[2] Id. at *3-4. The conspiracy "obtained highly potent heroin and cocaine from New York" that the co-conspirators then distributed in a Virginia Beach public housing project known as Tidewater Gardens.  Id. at *1.

From August 1991, around the time of his 18th birthday, until early March 1992, Vassell "unsuccessfully attempt[ed] to start a satellite drug operation in Tennessee." Id. at *1. Despite his physical absence from Virginia, while in Memphis, Tennessee, Vassell "continued to have knowledge of the totality of the drugs being distributed by the organization" through weekly telephone calls with his co-conspirators in Virginia.  See PreSentence Investigation Report ("PSR"), ECF No. 1-16, ¶ 27.  Vassell returned to Virginia in March 1992; on April 28, 1992, he assumed the leadership responsibilities of the Tidewater Gardens project heroin operation after a co-conspirator, Kevin Kinlow [Vassell, 1998 WL 637419 at *1]  was arrested during a routine traffic stop, in possession of a Tech-9 firearm and heroin.  Id. After Kinlow's arrest, the Fourth Circuit noted, "Vassell was responsible for selling approximately $7,000 to $10,000 worth of heroin daily." Id. Vassell held a sufficiently important supervisory role that "[a]ll distributors

_____

convictions, some documents are not available on PACER and many have been provided as exhibits by the parties.

[2] Although a defendant's birthdate is protected information under Fed. R. Crim. P. 49.1(a)(2), the Fourth Circuit's opinion affirming Vassell's direct appeal, issued before Rule 49.1 was enacted,   states his birthdate.

waited for Vassell's arrival and always consulted with him prior to commencing distribution." Id.

Vassell, like most of his co-conspirators, was originally arrested on May 27, 1992, after police executed search warrants at several houses, including the one where Vassell lived.  Id. At the house that Vassell shared with Floyd Watson, another co-conspirator, police found "3,000 packets of heroin, five false bottom cans that contained bulk heroin and cutting agents, a firearm, a safe containing approximately $3,000 in U.S. currency, a digital scale, numerous empty glassine packets, photographs of Vassell and other co-conspirators and drug paraphernalia."  Id. Vassell was arrested on the same day with co-conspirator Michael Cockem Smith; on their persons, police found a total of 145 glassine bags of heroin with 4 grams of heroin, the drugs that formed the basis for Count 41, charging the two with possessing heroin with intent to distribute. PSR, ECF No. 1-16, ¶ 27.  The offense charged in Count 41 occurred well after Vassell's 18th birthday.

On the same day that Vassell's residence was searched, police searched another co-conspirator's residence, a location where "Vassell was often videotaped frequenting," and recovered "$40,000 in currency, drug ledgers, and another firearm."  Vassell, 1998 WL 637419 at *1. Searches of other residences tied to the conspiracy "resulted in the seizure of similar items." Id.  In short, as the evidence seized on May 27, 1992 alone demonstrated, the scope of the conspiracy was substantial.

After Vassell's arrest, he and his co-conspirators were initially charged with drug offenses in state court and then released.  Id. at *2.  Once on bond, however, "members of the group decided to flee the area rather than return to court." Id. at *1.  Vassell remained a fugitive

for over four years, from 1992 until his first court appearance on December 4, 1996.[3] Vassell, 1998 WL 637419 at *2.

On May 25, 1993, during the time Vassell was a fugitive, the United States indicted him[4] and ten others.  See Indictment, ECF No. 1-2.  By the time Vassell was finally arrested in late 1996, "all but one other co-conspirator had pled guilty and been sentenced." Vassell, 1998 WL 637419 at *2. All but one of those who pled guilty received sentence reductions for substantial assistance.  ECF No. 1-4 at 3. Consequently, Vassell was tried alone. His three-day jury trial began on February 3, 1997 with the granting of the government's motion to dismiss Counts 3, 30, and 31 of the indictment.  On February 6, 1997, Vassell was convicted on Counts 1 and 41. ECF No. 1-3 at 8.  Although Count 41 (possession with intent to distribute heroin) carried a statutory maximum of 20 years, Vassell had conspiracy liability continuing after his 18th birthday, and the Count 1 conspiracy conviction carried life as the statutory maximum.

At Vassell's May 16, 1997 sentencing, after considering defense objections to the PSR and the government's position, the court heard testimony from Investigator H. Milner on the issues of drug weights and enhancements in response to Vassell's objections. Sent. Trans. ECF No. 1-5 at 19 - 46. The government noted its position that

---

[3] During that time, Vassell was implicated in one homicide, was charged in an attempted homicide, and accumulated new charges for a number of other crimes. In 1992, he was arrested under an alias in Norfolk, charged in state court with conspiracy to distribute heroin, and absconded on bail.  PSR, ECF No. 1-16, ¶ 43.  Later that year, he was arrested in Memphis, Tennessee, on charges of possessing cocaine with intent to sell; gave an alias; and failed to appear.  Id. at ¶ 44.  In 1993, he was charged under an alias with attempted first-degree murder in Memphis.  Id. at ¶ 45.  The PSR recounted that the charge was still pending but had not been resolved.  Id. Also in 1993, he was arrested in Atlantic City, New Jersey under an alias; charged with drug offenses; and failed to appear. Id. at ¶ 46. Vassell's true identity was finally discovered when he was arrested on drug charges in New York in 1996. Id. at ¶ 47.

[4] Vassell was 19 years and 10+ months old by the time he was indicted. The indictment charged him in Count 1 for conspiracy to distribute and possession with intent to distribute heroin (Schedule I), Cocaine, and Cocaine Base (Schedule II), in violation of 21 U.S.C. § 846.  He was also charged in Counts 3, 30, 31, and 41 with four counts of possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See ECF No. 1-2.

these calculations which were used for the . . .[PSR] are very, very conservative. They are supported by the totality of the information from all of these different debriefings . . . corroborated by the seizures . . . made on April . . . 18th of 1990 - of 1992 and May . . . 27th . . . 1992 . . . by the witness information about the currency . . .being made as profits from the daily sales . . . and by the debriefing information of [co-conspirators] Dwayne and Michael Jenkins . . . [after] their guilty pleas[,] about the total quantities of cocaine and heroin which were brought from New York for distribution[.]

Sent. Trans., ECF No. 1-5 at 47.

In calculating drug quantities attributable to Vassell, the district court excluded the period when Vassell was in Tennessee trying to establish the satellite drug network—even though Vassell knew about the drug quantities being distributed in Virginia then, through his weekly phone contact with his coconspirators, and only counted the periods from December 1990 to August 1991 and from March 1992 to August 1992. See Sent. Trans. ECF No. 1-5 at 51 - 57.  In total, the Court found Vassell responsible for 5,669.85 grams of heroin, 974.024 grams of cocaine, and 3,375 grams of crack.  Id. at 53.

Although Vassell objected to the district court's counting drugs that the conspiracy distributed before his 18th birthday, the district court rejected that argument, noting that "there is more than sufficient evidence of this defendant's continued participation in the conspiracy past his 18th birthday [id. at 54]" and that Vassell "ratif[ied] his pre-eighteen participation in the conspiracy after maintaining majority."  Id. at 55.  Further, the district court noted, "while he started his involvement prior to his 18th birthday, he clearly and unequivocally continued his involvement in the conspiracy after his 18th birthday."  Id.  All told, the drug quantity resulted in Vassell receiving a base offense level of 38. PSR, ECF No. 1-16, at 30.

The District Court also found that a 2-point gun enhancement applied, explaining that "[n]umerous firearms were used in this conspiracy, were recovered and admitted" [id. at 61], including a firearm found in Vassell's residence. Sent. Trans., ECF No. 1-5 at 59 - 62.   Further,

5

the district court applied a 3-point role enhancement for Vassell's supervision of the conspiracy's drug distribution at Tidewater Gardens after Vassell returned to Virginia, well after his 18th birthday.  Id. at 66 - 68.  Despite the fact that Vassell had been implicated in one homicide and was charged in an attempted homicide during his time as a fugitive, the district court relied on neither in imposing sentence. See Sent. Trans., ECF No. 1-5 at 68 - 71; PSR, ECF No. 1-16, ¶ 27.

With the obstruction of justice enhancement, the gun enhancement, the leadership enhancement, and the base offense level of 38, Vassell had a total offense level of 45, and given that he had put the government to the expense of going to trial, he received no reduction for acceptance of responsibility.  Without even taking into account any of the pending charges accrued while a fugitive, Vassell had a criminal history of V. However, the criminal history did not even matter, given that the offense level had already given Vassell a guideline range of life. See PSR, ECF No. 1-16 at 26.

After the guideline calculations were completed, when defense counsel began his argument regarding the appropriate sentence by asking the Court "to use . . . [its] discretion," the district court cut him off, remarking, "I don't have any discretion, do I?" Sent. Trans., ECF No.1-5 at 71.  Defense counsel admitted "[y]ou are correct, Your Honor."  Id. at 72.

In his allocution before sentence was pronounced, Vassell argued that he was a juvenile when the conspiracy began, and stated "things that happened in the past happened while I was a juvenile.  I'm a man now. And I feel I shouldn't spend the rest of my life in prison for something that happened in the past."  Id. In response, the district court noted first that it did not enact the guidelines, Congress did, and the court's role was merely "to enforce the law." Id. at 73. The court stressed that Vassell was responsible for his actions, reiterating to Vassell that he had

"continued . . . [his] criminal conduct even into . . .  adulthood . . . [and even though] it may have started when you were a juvenile . . . it continued at a very active level after you became an adult."  Id.  The court noted that Vassell's recent use of an alias when he was arrested was an example of obstruction of justice that occurred after he was already an adult, noting that "this is one of the reasons your sentence is up to life at this point because . . . you have refused to accept any responsibility[.]" Id. at 73 - 74. Overruling all of the objections, the district court concluded that 45 was the correct level and sentenced Vassell to a life sentence on Count 1 and to a 20 year-concurrent sentence on Count 41.  Id. at 75.

**B. Appeal**

Vassell filed a timely notice of appeal on May 23, 1997.  On appeal, he raised the following grounds of error:

1) the government failed in its burden of proof with respect to the overt acts in the indictment, and even though no requirements existed for them to be alleged, once alleged, they must be proven, and it was error to submit them to the jury.

2) The government failed to prove by a preponderance [of evidence] that Vassell was responsible for the amount of drug weights calculated by the probation office and the court erred in adopting that amount.

3) The government failed in its burden of proof to establish that Vassell possessed a firearm during the course of the conspiracy.

4) The government failed in its burden of proof that Vassell occupied a managerial role in the conspiracy.

5) The district court erred, as a matter of law, in concluding that Vassell's juvenile drug activities could be considered as relevant conduct.

ECF No. 1-3 at 12.  On September 11, 1998, by unpublished *per curiam* opinion, the Fourth Circuit affirmed the district court's judgment.  ECF No. 1-4. Vassell filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on January 19, 1999. Vassell v. United States, 525 U.S. 1113 (1999).

C. **Motions to Vacate**

Vassell filed his first Motion to Vacate under 28 U.S.C. § 2255 through counsel on January 13, 2000. See ECF No. 1-6 at 58. It was assigned E.D. Va. Case No. 2:00cv42. In that motion, he argued that:

1) counsel were ineffective for failing to argue that he should have been sentenced under a total offense level of forty-three rather than forty-five;

2) counsel were ineffective for failing to argue that Petitioner was illegally convicted through the use of co-conspirator testimony that was obtained in exchange for plea agreements offering leniency, in violation of 18 U.S.C. §201(c)(3);

3) Petitioner was sentenced pursuant to a higher penalty for "crack," as opposed to powdered cocaine offenses, which disparately impacts African-Americans, in violation of the United States Constitution;

4) counsel were ineffective for failing to argue that Petitioner should have received a downward departure based on his age; and

5) Petitioner's life sentence exceeds the statutory maximum allowable based upon a general verdict in a multiple-object conspiracy in which the statutory maximum for the lesser-penalized object offense is forty years.

ECF No. 1-8 at 18. By Order entered September 21, 2000, the motion to vacate was denied. ECF No. 1-6 at 81.  On October 16, 2000, petitioner filed a Notice of Motion and Motion for Extension of Time to File a Rule 59(e) motion to Alter or Amend Court's Judgment Denying Petitioner's § 2255 Motion [ECF No. 1-6 at 82] which was construed as a motion to reconsider and denied.  ECF No. 1-6 at 85. Petitioner appealed.  ECF No. 1-6 at 87. On November 26, 2001, in Case No. 00-7815, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals dismissed the appeal.  ECF No. 1-6 at 91. On December 6, 2001, Vassell petitioned for rehearing [id. at 92]; rehearing was denied by Order entered March 27, 2002.  Id. at 106.  Vassell petitioned the United States Supreme Court for a writ of *certiorari*; *certiorari* was denied on October 7, 2002.  (00-7815 ECF No. 34)(4th Cir.).

On July 2, 2001, Vassell filed a *pro* se § 2244 motion in the Fourth Circuit Court of Appeals, seeking to file a second or successive Motion to Vacate under 28 U.S.C. § 2255; it was assigned Case No. 01-984. See ECF No. 1-6 at 123. By Order entered July 27, 2001, the Fourth Circuit Court of Appeals denied the § 2244 motion. (01-984 ECF No. 9)(4th Cir.).

On December 30, 2005, Vassell filed a *pro* se § 2244 motion in the Fourth Circuit Court of Appeals, seeking to file a second or successive Motion to Vacate under 28 U.S.C. § 2255; it was assigned Case No. 05-606. By Order entered January 18, 2006, the Fourth Circuit Court of Appeals denied the § 2244 motion. See ECF No. 1-6 at 116.

On March 31, 2006, Vassell filed a *pro se* § 2244 motion in the Fourth Circuit Court of Appeals to file a second  or successive Motion to Vacate under 28 U.S.C. § 2255; it was assigned Case No. 06-398. By Order entered April 18, 2006, the § 2244 motion was denied. See ECF No. 1-6 at 119 & 122.

On June 24, 2013, through counsel, Vassell filed a Motion to Vacate under 28 U.S.C. § 2255 with a memorandum in support in the sentencing court.  ECF No. 1-12 at 3 & ECF No. 1-13 at 2.  It was assigned E.D. Va. Case No. 2:13cv358.  In that motion, Vassell argued that his mandatory life-without-parole sentence violates the Fifth and Eighth Amendments of the United States Constitution under Miller v. Alabama, 132 S.Ct. 2455 (2012). See ECF No. 1-12 at 2 – 16.

On July 31, 2013, in the Fourth Circuit Court of Appeals, Petitioner filed a motion pursuant to 28 U.S.C. § 2244, seeking to file a successive § 2255 motion; it was assigned Case No. 13-284. (13-284 ECF No. 2) (4th Cir.).  By Order entered July 2, 2013 in Fourth Circuit Case No. 13-284, the motion was held in abeyance, pending the Fourth Circuit's ruling on In re Sloan, Fourth Circuit Case No. 13-288.  See E.D. Va. Case No. 2:93cr81, ECF No. 103.

On December 16, 2013, through counsel in Case No. 13-284 in the Fourth Circuit Court of Appeals, Petitioner again sought permission to file a successive § 2255 motion, now based on Miller v. Alabama, 132 S.Ct. 2455 (2012), which prohibited mandatory life-without-parole sentences for any juvenile offender, i.e., any offender who was under 18 at the time of his offense, raising two issues:

1) Whether Miller v. Alabama applied when the offense as charged occurred both before and after the defendant's eighteenth birthday; and

2) whether Miller newly recognized a previously unavailable right made retroactive by the Supreme Court to cases on collateral review.

ECF No. 1-11 at 13.  After the case was fully briefed and oral argument heard, on May 6, 2014, by published opinion, the motion was denied as untimely.  (13-284 ECF No. 50)(4th Cir.); see also E.D. Va. Case No. 2:93cr81, ECF No. 108.

Accordingly, by Order entered May 13, 2014 in the sentencing court, Petitioner's June 23, 2013 motion to vacate was denied as successive.  See E.D. Va. Case No. 2:93cr81, ECF No. 109.

### III. Contentions of the Parties

**The Petition**

The Petitioner raises one ground for relief in his petition, contending that his mandatory life without parole sentence is unconstitutional and void *ab initio*, because it was imposed for a conspiracy that he entered into as a juvenile.  In support, Petitioner relies on Miller v. Alabama,[5] Montgomery v. Louisiana[6] and Graham v. Florida.[7] ECF No. 4 at 5.

---

[5] Miller v. Alabama, 132 S.Ct. 2455 (2012).

[6] Montgomery v. Louisiana, 136 S.Ct. 718 (2016).

[7] Graham v. Florida, 560 U.S. 48 (2010).

Further, Petitioner argues that as a juvenile offender, he is categorically ineligible for a mandatory life-without-parole sentence.  ECF No. 1-1 at 12. While he concedes that "current circuit precedent precludes him from obtaining relief under § 2241 via § 2255(e)'s savings clause," he suggests that the Fourth Circuit may expand the availability of § 2241 relief via the savings clause in a pending case, United States v. Surratt.[8]  He contends that the Eighth Amendments' bar against cruel and unusual punishment categorically bars life-without-parole sentences for non-homicide offenders who were under eighteen at the time of the crime.  Id. at 13. Further, he argues, that permitting him to die in prison under a void sentence would be a fundamental miscarriage of justice. Id. at 19. Therefore, he contends, he is entitled to relief under § 2241 because § 2255 is inadequate or ineffective to test his detention. Id. at 21.  He asserts that if relief is unavailable under a fundamental miscarriage of justice rule or § 2255's savings clause, he is entitled to relief under the Suspension Clause[9] of the Constitution. Id. at 23.

As relief, Petitioner seeks a writ of habeas corpus, stating that he is entitled to relief from his unconstitutional sentence. ECF No. 4 at 8.

Petitioner's explanation for why his remedy under § 2255 is inadequate or ineffective to test the legality of his detention is that he is time-barred under Graham from presenting a new § 2255 motion; § 2255's statute of limitations violates the Suspension Clause, and he is entitled to relief under the Constitution. Id. at 9.

**B.  Respondent's Motion to Dismiss**

In its dispositive motion, the Respondent asserts that Vassell's § 2241 petition should be dismissed because

---

[8] United States v. Surratt, 794 F.3d 240 (4th Cir. 2015).

[9] Article 1, § 9, Clause 2 of the Constitution states that the Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

1) Vassell's petition cannot be properly treated as a valid, successive § 2255 motion.

2) Before he can litigate his challenge to his sentence under § 2241, Vassell must establish that § 2255 is "inadequate or ineffective to test the legality of his detention" under § 2255(e); however, he cannot satisfy § 2255(e).

3) Enforcing the statute of limitations under § 2255(f) does not constitute an unconstitutional suspension of the writ of habeas corpus.

4) Even if Vassell could satisfy the gatekeeping requirement of § 2255(e), his claim fails on the merits because:

      a) <u>Graham</u> and <u>Miller</u> adopted a bright-line rule that does not apply to defendants with adult criminal liability;

      b) a host of doctrines that control conspiracy law, including the statute of limitations, *ex post facto* law, and <u>Pinkerton</u>[10] liability, all support the finding that Vassell is not entitled to relief under <u>Graham</u> and <u>Miller</u>.

      c) Courts of appeals, including the Fourth Circuit, have uniformly held that a defendant with adult criminal liability may have his sentence increased, even up to life, based on that defendant's prior juvenile convictions.

      d) The only federal court of appeals to decide a <u>Miller</u> challenge to a sentence for conduct that began when the defendant was a juvenile and continued into adulthood, has found <u>Miller</u> inapplicable.

ECF No. 12 at 10 – 24.

## C. **Petitioner's Response in Opposition**

Petitioner reiterates his arguments in support of his claims and attempts to refute the Respondent's on the same. He concedes that while current circuit precedent does preclude him from relief under § 2255's savings clause, he has also presented "alternative paths to habeas relief" based on the constitutional mandate described in <u>Montgomery</u> and an extension of the fundamental miscarriage of justice exception. ECF No. 15 at 1 – 2. He contends that he has preserved the argument that the savings clause is non-jurisdictional and that he has satisfied the

---

[10] <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946)(holding that when a defendant is joined in a conspiracy, substantive crimes committed to advance that conspiracy can be charged to all defendants as long as they are still part of the conspiracy when those crimes are committed).

savings clause. Id. at 2. Alternatively, he asks that his § 2241 petition be treated as a successive § 2255 motion and be transferred to the sentencing court. Id. at 12.

## IV. <u>Standard of Review</u>

### A. <u>Motion to Dismiss</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see</u> <u>also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u> (citations omitted), to one that is "plausible on its

face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. Analysis

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be

entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.[11]

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[12] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir.

---

[11] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2); see Jones, 226 F.3d at 330.

[12] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 623 (1998).

2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decisions in Miller,  Graham and Montgomery for relief from his sentence.  In Miller, the Supreme Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishments. Miller, 567 U.S. at 479. In Graham, the Court held that "[t]he  Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."    Graham, 560 U.S. at 82.   In Montgomery, the Court held that Miller announced a new substantive rule of constitutional law that is retroactive to cases on collateral review. Montgomery, 136 S.Ct. at 736.

Under 28 U.S.C. § 2255(f)(3), a petitioner has one year from the date the Supreme Court initially recognized a new rule to file a successive § 2255 motion. See Dodd v. United States, 545 U.S. 353, 359 (2005). Moreover, for purposes of 2255(f)(3), the limitations period begins on the date the right was initially recognized by the Supreme Court, not the date on which the new right was made retroactive to cases on collateral review. Dodd, 545 U.S. at 357. Therefore, because Graham was decided on May 17, 2010, Petitioner's Graham claim is untimely raised and he cannot avail himself of the one-year limitation period afforded by § 2255(f)(3).  He was already advised of this in 2014, when the Fourth Circuit held that the same Graham claim Petitioner is raising here would be time-barred in a § 2255 motion:

> Even assuming that Vassell qualifies as a juvenile offender, his proposed § 2255 motion would necessarily rely on a right that became available to him in 2010 with the Supreme Court's decision in Graham v. Florida, 560 U.S. 48 (2010), which  held  that sentencing a juvenile who did not commit a homicide to life

imprisonment without parole violates the Eighth Amendment, and not on <u>Miller</u>, which extended the <u>Graham</u> rule to prohibit mandatory life-without-parole sentences for juveniles convicted of committing homicide.   And because <u>Graham</u> was decided more than one year before Vassell filed this § 2255(h) motion, the successive § 2255 motion he seeks leave to file would be barred by the applicable 1-year statute of limitations in 28 U.S.C. § 2255(f)(3). We therefore decline to authorize its filing.

<u>In re Vassell</u>, 751 F.3d 267 (4th Cir. 2014).  Because the Fourth Circuit agreed that any Eighth Amendment claim was time-barred, the Fourth Circuit found it unnecessary to address the government's argument that Vassell lacked a valid Eighth Amendment claim in the first place. <u>Id.</u> 269 n.*.

Even if Vassell's <u>Graham</u> argument had been timely raised, he could not have obtained relief.  He is not on the same footing as Graham, Montgomery, and Miller, who were all juveniles for the entirety of the time when they committed their crimes.  "Since conspiracy is a continuing offense, a defendant who has joined a conspiracy continues to violate the law 'through every moment of the conspiracy's existence'" until the defendant withdraws or the conspiracy ends.  <u>Smith v. United States</u>, 133 S. Ct. 714, 719 (2013) (quoting <u>Hyde v. United States</u>, 225 U.S. 347, 369 (1912) and citing <u>United States v. Kissel</u>, 218 U.S. 601, 610 (1910)). Because Vassell continued his participation in his criminal conspiracy after he turned 18, he had adult criminal liability, taking him outside of <u>Graham</u>.  Accordingly, as an adult with adult criminal liability, there can be no Eighth Amendment violation when a district court takes a defendant's juvenile conduct into account in determining a sentence.  <u>See</u>, *e.g.,* <u>United States v. Hunter</u>, 735 F.3d 172, 176 (4th Cir. 2013).  In <u>Hunter</u>, the Fourth Circuit further noted that "[t]he greater possibility for reformation, identified by the Supreme Court as a distinguishing characteristic between juvenile and adult offenders" is only undermined when an adult recidivist who has "been given an opportunity to demonstrate rehabilitation, but [] elect[s] to continue a

course of illegal conduct." Hunter at 176, citing   United States v. Orona, 724 F.3d 1297, 1308 (10th Cir. 2013).

Petitioner's reliance on Surratt is likewise unavailing; to the extent that he believes the Fourth Circuit intends to expand their interpretation of the savings clause, the same is misplaced. The original decision in that case held that because Surratt challenged only his sentence, and could not establish that he was innocent of the conduct for which he was convicted, he could not obtain relief under § 2241. That decision was "nullified" when rehearing *en banc* was granted December 2, 2015. Thereafter, the case was dismissed as moot after Surratt's sentence was commuted by Presidential Order. Furthermore, on December 12, 2017, Surratt's petition for writ of *certiorari* was denied. See Case # 14-6851 (4th Cir.). Therefore, nothing in Surratt serves as a basis for granting relief to Petitioner.

Finally, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[13]  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34; see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

---

[13] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 623 (1998).

As the Fourth Circuit has held, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). The Fourth Circuit has consistently applied this principle from Rice and In re Vial: "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.  A contrary rule would effectively nullify the gatekeeping provisions" of § 2255. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); Vial, 115 F.3d at 1194 n.5.).

No circuit has agreed that a petitioner could satisfy § 2255(e) and use § 2241 for a claim under a new Supreme Court opinion, when that petitioner could have sought relief under § 2255 after that a new Supreme Court opinion was issued but failed to do so, and then was barred under the statute of limitations under § 2255(f).  As the Sixth Circuit opinion that the Fourth Circuit has cited with approval has explained, a defendant cannot satisfy § 2255(e) "simply because [the defendant] has allowed the one-year statute of limitations to expire. The one-year period provided him with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute." Charles, 180 F.3d at 758.

Vassell also argues that his sentence for conduct partially committed while a juvenile is unduly harsh as compared with those received by his co-conspirators, all adults at the time of the conspiracy, several of whom received sentences in the 22.5 – 25 year range and are already out of prison.  See ECF No. 1-1 at 11 - 12.  However, as Vassell well knows, he cannot compare his sentence to his co-defendants who did not refuse to accept responsibility, who pled guilty,

offered substantial assistance, were not fugitives from justice, and did not have the same totality of criminal history and characteristics that he has. As the district court noted at his sentencing, "I'm sure this individual at some point was offered some plea agreement which he did not take because he contends that he had no involvement in this matter." Sent. Trans. ECF No. 1-5 at 49. Sentencing disparities arising from those who plead guilty and those who do not, and who reinforce their lack of acceptance of responsibility by obstructing justice, are not unwarranted disparities under 18 U.S.C. § 3553(a)(6). See, e.g., Pepper v. United States, 562 U.S. 476, 503 (2011) (citing United States v. LaBonte, 520 U.S. 751, 761-62 (1997)). "Courts have repeatedly made clear that comparisons of sentences may be treacherous because each sentencing proceeding is inescapably individualized." United States v. Rivera-Santana, 668 F.3d 95, 105-06 (4th Cir. 2012) (citing United States v. Abu Ali, 528 F.3d 210, 267 (4th Cir. 2008)). "[C]omparing the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing." United States v. Chandia, 675 F.3d 329, 341-42 (4th Cir. 2012).

Accordingly, none of the cases relied upon by Petitioner decriminalize the conduct for which he was convicted; violations of 21 U.S.C. §§ 841(a)(1) and 846 remain criminal offenses. Therefore, under Fourth Circuit precedent, he is unable to satisfy the second prong of § 2255's savings clause to seek relief under § 2241.[14] Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

---

[14] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits. Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.

Finally, the undersigned recommends that Vassell's alternative request, in his response in opposition to the Respondent's dispositive motion, that the instant § 2241 petition be treated as a successive § 2255 motion and pursuant to 28 U.S.C. § 1631, be transferred to the sentencing court [ECF No. 15 at 12], be denied as futile.

## VI. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 11] be **GRANTED** and that the amended petition [ECF No. 4] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to transmit a copy of this Report and Recommendation electronically to all counsel of record.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: January 31, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE