IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TADD ERROL VASSELL,

          Petitioner,

v.                                          Civil Action No. 5:17CV9
                                                              (STAMP)
TERRY O'BRIEN, Warden,
U.S. Penitentiary Hazelton,

          Respondent.

### MEMORANDUM OPINION AND ORDER
### AFFIRMING AND ADOPTING REPORT AND
### RECOMMENDATION OF MAGISTRATE JUDGE
### AND OVERRULING PETITIONER'S OBJECTIONS

### I.  Procedural History

     The petitioner, Tadd Errol Vassell, by counsel, filed a
petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241").  The
action was referred to United States Magistrate Judge Michael John
Aloi for initial review and report and recommendation pursuant to
Local Rule of Prisoner Litigation Procedure 2.  The respondent
filed a motion to dismiss the § 2241 petition.  The magistrate
judge filed a report and recommendation recommending that the
respondent's motion to dismiss be granted and that the § 2241
petition be denied and dismissed without prejudice.  The magistrate
judge informed the parties that if they objected to any portion of
the report and recommendation, they were required to file written
objections within 14 days after being served with copies of the
report.  The petitioner timely filed objections.

## II.  <u>Facts</u>

The petitioner contends that his mandatory life without parole sentence is unconstitutional and void <u>ab initio</u> because it was imposed for a conspiracy that he entered into as a juvenile.  The petitioner relies on the following cases:  <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718 (2016), and <u>Graham v. Florida</u>, 560 U.S. 48 (2010).  The petitioner recognizes that current precedent precludes him from obtaining relief under § 2241, but contends that he is entitled to relief under § 2241 because § 2255 is inadequate or ineffective to test his detention.  The petitioner also suggests that the United States Court of Appeals for the Fourth Circuit may expand the availability of § 2241 relief via the savings clause in <u>United States v. Surratt</u>, 797 F.3d 240 (4th Cir. 2015).  The petitioner seeks a writ of habeas corpus stating that he is entitled to relief from his unconstitutional sentence.

The respondent filed a motion to dismiss the § 2241 petition.  First, the respondent argues that the petition must be dismissed because it cannot be properly treated as a valid, successive § 2255 motion.  Second, the respondent argues that, before the petitioner can litigate his challenge to his sentence under § 2241, he must satisfy § 2255(e) by establishing that § 2255 is inadequate or ineffective to test the legality of his detention.  The respondent contends that the petitioner cannot satisfy § 2255(e).  Third, the

respondent argues that enforcing the statute of limitations under § 2255(f) does not constitute an unconstitutional suspension of the writ of habeas corpus. Fourth, the respondent argue that, even if the petitioner could satisfy the gatekeeping requirements of § 2255, his claim would still fail on the merits because: (1) Graham and Miller adopted a bright-line rule that does not apply to defendants with adult criminal liability; (2) a host of doctrines that control conspiracy law all support the finding that the petitioner is not entitled to relief under Graham and Miller; (3) courts of appeals, including the Fourth Circuit, have uniformly held that a defendant with adult criminal liability may have his sentence increased, even up to life, based on that defendant's prior juvenile convictions; and (4) the only federal court of appeals to decide a Miller challenge to a sentence for conduct that began when the defendant was a juvenile and continued into adulthood, has found Miller inapplicable.

The petitioner filed a response in opposition to the respondent's motion to dismiss. In response, the petitioner argues that, while current precedent precludes him from relief under § 2255's savings clause, he has also presented "alternative paths to habeas relief" based on the constitutional mandate described in Montgomery and an extension of the fundamental miscarriage of justice exception. Alternatively, the petitioner asks that his

§ 2241 petition be treated as a successive § 2255 motion and be transferred to the sentencing court.

In his objections to the magistrate judge's report and recommendation, the petitioner first argues that the magistrate judge erred by failing to apply the savings clause to the petitioner's sentence. Second, the petitioner argues that the magistrate judge erred in concluding that the petitioner cannot obtain relief under Graham, Montgomery, or Miller. Third, the petitioner argues that the magistrate judge erred by ignoring the Supreme Court's holding in Montgomery that post-conviction courts are constitutionally obligated to provide relief from a void and unconstitutional sentence. Fourth, the petitioner argues that the magistrate judge erred by failing to recommend an extension of the fundamental miscarriage of justice exception. Lastly, the petitioner argues that the magistrate judge erred in recommending denial of the petitioner's alternative request to treat his § 2241 petition as a successive § 2255 motion.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## IV. Discussion

A prisoner may file a motion under § 2255 to collaterally attack the legality of his conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 to challenge only the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner may use § 2241 to collaterally attack the legality of his conviction or sentence only if the remedy under § 2255 is "inadequate or ineffective." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); see also 28 U.S.C. § 2255(e).

Section 2255 is not inadequate merely because the prisoner has been unable to obtain relief under § 2255. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Nor is § 2255 rendered inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on

direct appeal. <u>Id.</u>  Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333–34.

In his report and recommendation, the magistrate judge first found that the petitioner's <u>Graham</u> claim is untimely because <u>Graham</u> was decided on May 17, 2010, and, thus, the petitioner is outside of the one-year limitation period for filing a successive § 2255 motion afforded by § 2255(f)(3).  The magistrate judge further found that, even if the <u>Graham</u> argument had been timely raised, the petitioner could not have obtained relief under <u>Graham</u> because he was not a juvenile for the entirety of his crimes.  Unlike Graham, Montgomery, and Miller, the petitioner continued his participation in the conspiracy until after he turned eighteen years old.  Thus, the magistrate judge concluded that, as an adult with adult criminal liability, there can be no Eighth Amendment violation when a district court takes a defendant's juvenile conduct into account in determining a sentence.

On <u>de novo</u> review, this Court finds that the magistrate judge is correct that the <u>Graham</u> claim is both untimely and without

merit. The Graham claim is untimely because the one-year limitations period under § 2255(f)(3) does not begin running on the date on which the new right was made retroactive to cases on collateral review. Rather, it begins running on the date the right was initially recognized by the Supreme Court. See Dodd v. United States, 545 U.S. 353, 359 (2005) ("Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.").

The Graham claim is also without merit because the petitioner's participation in the conspiracy continued after he turned eighteen years old. See Smith v. United States, 568 U.S. 106, 111 (2013) (finding that "conspiracy is a continuing offense" and "a defendant who has joined a conspiracy continues to violate the law 'through every moment of [the conspiracy's] existence'" (quoting Hyde v. United States, 225 U.S. 347, 369 (1912))). Furthermore, it was not an Eighth Amendment violation to take into account the petitioner's juvenile conduct in determining his sentence. See United States v. Hunter, 735 F.3d 172, 176 (4th Cir. 2013) ("In this case, Defendant is not being punished for a crime he committed as a juvenile, because sentence enhancements do not themselves constitute punishment for the prior criminal convictions that trigger them.").

Next, the magistrate judge found that the petitioner's reliance on Surratt is misplaced to the extent that the petitioner

7

believes the Fourth Circuit intends to expand their interpretation of the savings clause. The magistrate judge noted that the Fourth Circuit originally held in that case that, because Surratt challenged only his sentence and could not establish that he was innocent of the conduct for which he was convicted, he could not obtain relief under § 2241. The Fourth Circuit then granted a motion for rehearing en banc, but the case was then dismissed as moot after Surratt's sentence was commuted by presidential order. Thereafter, Surratt's petition for writ of certiorari was denied. Thus, the magistrate judge concluded that nothing in Surratt serves as a basis for granting relief to the petitioner. Additionally, the magistrate judge noted that the Fourth Circuit has held that the savings clause preserves only claims in which the petitioner alleges actual innocence and does not extend to petitioners who challenge only their sentences.

On de novo review, this Court finds that the magistrate judge is correct that Surratt does not serve as a basis for relief in this civil action and that the savings clause cannot preserve the petitioner's claim because he does not allege actual innocence. As to the petitioner's Surratt argument, Surratt cannot serve as a basis for relief because the case was dismissed as moot after the Fourth Circuit granted a motion for rehearing en banc. As to whether the savings clause can preserve a claim in which the petitioner does not allege actual innocence, this Court agrees with

the magistrate judge that it cannot. <u>See</u> <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) ("[A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law.").

Lastly, the magistrate judge addressed the petitioner's argument that his sentence for conduct partially committed while a juvenile is unduly harsh as compared with those received by his co-conspirators. The magistrate judge found that the petitioner cannot compare his sentence to those of his co-defendants who did not refuse to accept responsibility, who pled guilty, who offered substantial assistance, who were not fugitives from justice, and who did not have the same totality of criminal history and characteristics that he has.

On <u>de novo</u> review, this Court finds that the magistrate judge is correct that the petitioner's sentence cannot be compared to those of his co-defendants. "Courts have repeatedly made clear that comparisons of sentences may be treacherous because each sentencing proceedings is inescapably individualized . . . ." <u>United States v. Rivera-Santana</u>, 668 F.3d 95, 105-06 (4th Cir. 2012) (citing <u>United States v. Abu Ali</u>, 528 F.3d 210, 267 (4th Cir. 2008)).

In sum, this Court agrees with the magistrate judge that the petitioner is unable to satisfy the second prong of § 2255's

savings clause to seek relief under § 2241. On <u>de novo</u> review, this Court finds that, because the federal prisoner brought a § 2241 petition that does not fall within the scope of the savings clause, it must dismiss the unauthorized habeas petition for lack of jurisdiction. As to the petitioner's alternative request that the § 2241 petition be treated as a successive § 2255 motion and transferred to the sentencing court, this Court also agrees with magistrate judge that the request must be denied as futile.

V. <u>Conclusion</u>

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 16) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss (ECF No. 11) is GRANTED and the petitioner's objections (ECF No. 17) are OVERRULED. It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    March 19, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE